IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-30154-WDS |
| | ) | |
| FRANCISCO TORRES, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

**STIEHL, District Judge:**

Before the Court is defendant's motion to bar testimony and consideration of reports at sentencing (Doc. 78 - filed under seal) to which the government has filed a response (Doc. 80). In the motion, the defendant asserts that the admission of this evidence at sentencing would violate the confrontation clause and cites *Crawford v. Washington*, 541 U.S. 36 (2004),

It is well recognized that hearsay is admissible at sentencing, *see Williams v. New York*, 337 U.S. 241(1949); 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Roche,* 415 F.3d 614, 618 (7th Cir. 2005). The defendant nonetheless relies on the confrontation clause holding in *Crawford* to argue that the use of the Presentence Investigation Report and testimony concerning the defendant's criminal history and other criminal activities violates that clause. It is well settled, however, that "the relevant provision at sentencing is the due process clause, not the confrontation clause," *Roche*, 415 F.3d at 618 (a post-*Crawford* decision).

Sentencing judges are entitled to use any "procedures adequate to reach informed and accurate decisions in the main." *United States v. Escobar-Mejia*, 915 F.2d 1152, 1154 (7th Cir.1990); see also *United States v. Atkin,* 29 F.3d 267 (7th Cir.1994). However, the Advisory Sentencing Guidelines provide that judges must limit consideration to information that has "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). Given

this standard, the Court **FINDS** that it is appropriate to consider the paragraphs in question, 29, 30, 32 and 33 and any live testimony at sentencing to determining the appropriate sentence in this case.  Accordingly, defendant's motion to bar testimony and or consideration of reports is **DENIED**.

**IT IS SO ORDERED.**

**DATED:    May 15, 2006.**

s/  WILLIAM D. STIEHL
DISTRICT JUDGE
